Eli Z. Freedberg, Esq.
LAW OFFICE OF ELI FREEDBERG, P.C.
370 Lexington Avenue, Suite 2103
New York, NY 10017
(347) 651-0044
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH WARD,

                              Plaintiffs,

- against -

NYU LANGONE MEDICAL CENTER,

                              Defendant.

**COMPLAINT**

**Jury trial Requested**



Joseph Ward ("Plaintiffs"), by his attorneys, the Law Office of Eli Freedberg, P.C., as and for his complaint against NYU Langone Medical Center ("Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to remedy discrimination on the basis of sexual orientation at his former place of work, NYU Langone Medical Center.

2. Defendant's conduct violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), the New York State Human Rights law, N.Y. EXEC. LAW §296(a)(1), and the New York City Human Rights Law, N.Y.C. Admin. Code ¶ 8-701(1)(a).

3. Defendant's conduct ultimately led to the constructive discharge of Plaintiff.

4. Plaintiff further brings this action to remedy unlawful retaliation under Title VII, 42 U.S.C. ¶ 2000e-3(a), the New York State Human Rights Law, N.Y. EXEC. LAW § 296(1)(e)

N.Y. EXEC. LAW § 296(7), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(7).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state and city law claims pursuant to 28 U.S.C. §1367(a) because Plaintiff's state and city law claims are so closely related to Plaintiff's Title VII claims and are parts of the same controversy under Article III of the United States Constitution.

7. Plaintiff has exhausted all administrative remedies. Plaintiff filed the instant complaint within ninety days of receipt of a "right to sue" letter from the United States Equal Employment opportunity Commission ("EEOC").

8. Plaintiff received his "right to sue" letter from the EEOC on or around March 12, 2015, Charge No. 520-2014-000754.

9. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendant maintains its principal place of business in this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omission giving rise to the claim occurred within this district.

## PARTIES

10. Plaintiff is a resident of the city of Commack within the State of New York.

11. Defendant is a business corporation organized and existing under the laws of the State of New York and is authorized to do business in the State of New York.

12. Defendant operates a hospital located at 240 East 38th Street, new York, New York, 10016.

## STATEMENT OF FACTS

13. On or around July 17, 2014, Defendant hired Plaintiff to perform services as a Clinical Analyst. His start date was August 4th, 2014.

14. Defendant paid Plaintiff a salary of $105,000 per year.

15. Plaintiff is a homosexual and is also HIV Positive.

16. Plaintiff's supervisors and co-worker all knew or suspected that he was homosexual.

17. Since the beginning of his employment, Plaintiff's supervisors and co-workers treated Plaintiff like a leper. He was often excluded from meetings and from almost all social interactions amongst colleagues.

18. He was subjected to frequent dirty looks, and Plaintiff's colleagues would whisper things amongst themselves whenever he passed them by.

19. Plaintiff's colleagues would overtly try to avoid making any physical contact with Plaintiff which was degrading and humiliating.

20. While most of the hostile behavior directed towards Plaintiff by his co-workers was subtle, there were several instances where colleagues were mover overtly inappropriate. For example, a co-worker named David Nacarrato frequently targeted Plaintiff for abuse. He would often tell Plaintiff in sum and substance that he and his co-workers did not want "his kind" around and also implied that Plaintiff would fail his licensing test due to his lifestyle. Mr. Nacarrato would often make puns using the word AIDS. For example, he often mentioned that

Plaintiff needed to make "job aids" for doctors. Mr. Nacaratto would emphasize the word AIDS. The job aids were used to held doctors under stand new workflows.

21.     This behavior made Plaintiff extremely uncomfortable, and increased his anxiety and as a result, Plaintiff tried to informally discuss the intolerable situation with his supervisors.

22.     Unfortunately, Plaintiff's supervisors did nothing to remedy this situation and the hostile work environment began to escalate.

23.     In particular, a co-worker named Marsha Lochard sent Plaintiff an email (a true and correct copy of which is attached hereto as Exhibit A) using Defendant's corporate email system and servers of a picture of two nude men holding cakes which were covering the men's genitals.

24.     In addition, another co-worker left a picture on Plaintiff's desk (a true and correct copy of which is attached hereto as Exhibit B) containing the statement, "Fuck off I hate gay" and this "note" also had a picture of a biohazard symbol – clearly insinuating that Plaintiff was somehow toxic.

25.     Following these two incidents, Plaintiff again complained to Defendant's human resources department.

26.     Rather than conducting a comprehensive investigation, Defendant's human resources department tried to sugar coat the incidents and took absolutely no steps to ensure Plaintiff's physical safety, which he reasonably felt was in jeopardy from a homophobic bigot.

27.     Indeed, in a letter dated November 13, 2014 from Evelyn Taveras, Defendant's employee and labor relations manager, she acknowledged that Ms. Lochard had sent the email with the picture of the two nude men. However, Ms. Taveras stated to Plaintiff that the e-mail was sent "erroneously" and that Ms. Lochard sent Plaintiff an e-mail apology.

28. Ms. Taveras also had the temerity to criticize Plaintiff for allegedly not reporting the apology e-mail that Ms. Lochard allegedly sent to him.

29. Upon information and belief, Defendant took no steps at all to formally discipline Ms. Lochard for her behavior.

30. More egregiously, Ms. Taveras, on behalf of Defendant, essentially denied Plaintiff's claim that someone had placed a note on his desk stating , "Fuck off I hate gay." Indeed, all Ms. Taveras stated was that "[w]e were unable to substantiate the claims in reference to . . . the note."

31. Ms. Taveras did not describe what steps NYU took to investigate the placement of the note on Plaintiff's desk and they took no steps whatever to secure Plaintiff's safety. Instead, they simply ignored the incident and pretended as if it did not happen.

32. As a result of this unconscionable behavior, Plaintiff began suffering extreme and severe emotional and physical distress. He suffered from panic attacks, significant chest pains, a spike in his blood pressure, and ended up being diagnosed with clinical depression due to the harassment he endured.

33. These physical manifestations of his emotional distress have been documented by a number of visits to doctors including cardiologists and internists who have prescribed medications to stem the anxiety and the dangerous symptoms he has been experiencing as a result of Mr. Ward's supervisor's and co-workers' conduct.

34. Following Plaintiff's complaint with human resources, Defendant began engaging in a campaign of retaliation which was designed to make Plaintiff's life so miserable that e was forced to resign.

35. Beginning almost the day after he filed his internal complaint with human resources, Defendant subjected Plaintiff to added and unjustified scrutiny by his supervisors. He was called in for daily meetings with his supervisors, whereas previously he was almost never called in for personal meetings.

36. In addition, almost immediately after Plaintiff filed his complaint with human resources, his supervisors began admonishing him for no good reason. This never happed prior to the time that Plaintiff notified HR that he received the inflammatory email and the threatening note. Indeed, the only feedback Plaintiff received prior to reporting the harassment was positive.

37. Similarly, in mid-October of 2014, prior to complaining about the harassment he was experiencing, Plaintiff informed his supervisor that he was getting married to his boyfriend in December and asked for some time off. The day of the request, Plaintiff's supervisor went to Plaintiff's cubicle and told Plaintiff that he could take the days off for his wedding but that days off would be unpaid because he had no paid vacation days left.

38. In mid-November, almost immediately after Ms. Taveras completed her alleged investigation of Plaintiff's complaints, Plaintiff's supervisor informed him that he could no longer take off from work to attend his wedding. Astonished, at the reversal, Plaintiff then asked his supervisor whether he could leave early on the Friday before his wedding to greet his family members who were flying in for the event, and the supervisor again denied the request unless Plaintiff agreed to work on Christmas, which he was vacation time he had approved before he was hired and for which he already had plane tickets to be in Cincinnati for.

39. Defendant's conduct was retaliatory and in furtherance of Defendant's apparent decision to make Mr. Ward's environment so intolerable that he is forced to quit.

40. Defendant succeeded in making Plaintiff's life so miserable that he was forced to resign/

41. Because of this treatment, Mr. Ward feels that he is not welcome at NYU and simply cannot face the prospect of returning to the environment where he has experienced and is still experiencing this overt homophobic hostility. Indeed, because of the illegal, humiliating, and demeaning conduct that Mr. Ward was and is subjected to (which, to date NYU has not addressed or remedied), it is becoming increasingly difficult for Mr. Ward to continue to show up to work. In effect, he has been constructively discharged.

## AS AND FOR A FIRST CLAIM
### TITLE VII – Discrimination Based on Sexual Orientation

42. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 41 as if set forth fully herein.

43. Defendant, through their employees unlawfully discriminated against Plaintiff by harassing Plaintiff due to his sexual orientation in violation of Title VII, and failing to address the repeated incidents of sex based harassment.

44. Plaintiff repeatedly objected to the harassment to which he was subjected.

45. Defendant refused to take any meaningful steps to alleviate the harassment.

46. Plaintiff was constructively terminated from his employment with Defendant due to their sex.

47. Defendant, through the aforementioned conduct, violated Title VII, 42 U.S.C. § 2000e-2(a)(1), by discriminating against Plaintiff on the basis of his sexual orientation.

## AS AND FOR A SECOND CLAIM
### New York State Human Rights Law – Discrimination Based on Sexual Orientation

48. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 47 as if set forth fully herein.

49. Defendant, through the aforementioned conduct, violated the New York State Human rights Law, N.Y. EXEC. LAW § 296(1)(a) by discriminating against Plaintiff on the basis of his sexual orientation

50. Defendant failed to address the repeated incidents of sex based harassment.

51. Plaintiff was constructively terminated from his employment with Defendant due to their sex.

52. Defendant, through the aforementioned conduct, violated N.Y. EXEC. LAW § 296(1)(a), by discriminating against Plaintiff on the basis of his sexual orientation.

## AS AND FOR A THIRD CLAIM
### New York City Human Rights Law – Discrimination Based on Sexual Orientation

53. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 52 as if set forth fully herein.

54. Defendant, through the aforementioned conduct, violated the New York City Human Rights Law, N.Y. EXEC. LAW § 296(1)(a) by discriminating against Plaintiff on the basis of his sexual orientation.

## AS AND FOR A FOURTH CLAIM
### Title VII – Unlawful retaliation

55. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 54 as if set forth fully herein.

56. After Plaintiff objected to and reported the aforementioned unlawful conduct, Defendant retaliated against Plaintiff by allowing the harassment to continue unabated and by subjecting Plaintiff to increased scrutiny and then constructively terminated his employment.

57. Defendant, through the aforementioned conduct violated Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Plaintiff for opposing Defendant's unlawful discrimination on the basis of sex.

## AS AND FOR A FIFTH CLAIM
### New York State Human Rights Law – Unlawful retaliation

58. Plaintiffs repeats and re-alleges the allegations set forth in paragraphs 1 through 57 as if set forth fully herein.

59. Defendant, through the aforementioned conduct, has violated the New York State Human Rights Law, N.Y. EXEC. LAW § 296(1)(e), by retaliating against Plaintiff for opposing Defendant's unlawful discrimination on the basis of sex.

## AS AND FOR A FIFTH CLAIM
### New York City Human Rights Law – Unlawful retaliation

60. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 59 as if set forth fully herein.

61. Defendant, through the aforementioned conduct, has violated the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(7), by retaliating against Plaintiff for opposing Defendant's unlawful discrimination on the basis of sex.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this court enter a judgment:

A. Declaring that Defendants are in violation of Title VII, the New York State Human Rights Law, and New York City Human Rights Law;

B. Enjoining Defendants from engaging in any similar violation of Title VII, the New York State Human Rights Law, and New York City Human Rights Law;

C. Awarding Plaintiffs all lost wages and benefits pursuant to Title VII, the New York State Human Rights Law, and New York City Human Rights Law;

D. Awarding Plaintiffs compensatory damages pursuant to Title VII, the New York State Human Rights Law, and New York City Human Rights Law;

E.  Awarding Plaintiffs punitive damages pursuant to Title VII and the New York City Human Rights Law;

F.  Awarding Plaintiffs reinstatement and other equitable relief, including but not limited to front pay, pursuant to Title VII, New York State Human Rights Law and the New York City Human Rights Law;

G.  Awarding Plaintiffs costs and reasonable attorneys; fees in this action pursuant to Title VII, New York State Human Rights Law and the New York City Human Rights Law; and,

H.  Granting such other and further relief as this court deems necessary and proper.

Dated: June 2, 2015
New York, NY

LAW OFFICE OF ELI FREEDBERG, P.C.

By: _____
Eli Z. Freedberg, Esq.
370 Lexington Avenue, Suite 2103
New York, New York 10017
Tel: (347) 651-0044
Fax: (212) 214-0799
*Attorneys for Plaintiff*

# EXHIBIT A



# EXHIBIT B